**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Advance Nursing Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:16-cv-00160-MGL |
| v. | ) | |
| | ) | |
| South Carolina Hospital Association, | ) | |
| Greenville Health Corporation d/b/a | ) | |
| Greenville Health System, Spartanburg | ) | |
| Regional Health Services District, Inc. d/b/a | ) | **COMPLAINT** |
| Spartanburg Regional Healthcare System, | ) | **(JURY TRIAL DEMANDED)** |
| Mary Black Health System, Palmetto | ) | |
| Health, Lexington Medical Center, Toumey | ) | |
| Health Care System d/b/a Toumey Regional | ) | |
| Medical Center, Carolinas Hospital System, | ) | |
| Bon Secours Health System, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Plaintiff, Advance Nursing Corporation, by and through its undersigned counsel, complaining of the above named Defendants herein, brings this action pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and under South Carolina law for violations of S.C. Code of Laws § 39-3-10, the South Carolina Unfair Trade Practices Act, Civil Conspiracy and Tortious Interference with Contractual and Prospective Contractual Relations.

**JURISDICTION AND VENUE**

1.      Plaintiff brings this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 16, for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1337.

2.      Plaintiff also brings this action pursuant to S.C. Code of Laws § 39-3-10 and the

South Carolina Unfair Trade Practices Act (S.C. Code § 39-5-10, *et seq.*) and under state law for Civil Conspiracy and Tortious Interference with Contractual and Prospective Contractual Relations. This Court has supplemental jurisdiction over the South Carolina state law claims under 28 U.S.C. §§ 1332(d) and 1367 as the state law claims arise from a common nucleus of operative facts.

3.    This Court has personal jurisdiction over each Defendant because each Defendant resides and/or does business in South Carolina and/or has substantial, continuous contacts with South Carolina.

4.    Venue is proper in this District because Plaintiff's business resides in the Greenville District and all Defendants either reside or do business in South Carolina.  Venue is also proper because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

5.    Plaintiff, Advance Nursing Corporation ("Advance" or "Plaintiff"), is a South Carolina corporation with its principal place of business in Greenville County, South Carolina.

6.    Upon information and belief, Defendant South Carolina Hospital Association ("Defendant SCHA") is a South Carolina corporation doing business in Greenville County and throughout the State of South Carolina.

7.    Upon information and belief, Defendant Greenville Health Corporation d/b/a Greenville Health System ("Defendant GHS") is a South Carolina corporation doing business in Greenville County, South Carolina.  Upon information and belief, Defendant GHS owns and operates GHS Laurens County Memorial Hospital, GHS Oconee Memorial Hospital, Greenville Memorial Hospital, Greer Memorial Hospital, Hillcrest Memorial Hospital, Marshall I. Pickens

Hospital, North Greenville Hospital, Patewood Memorial Hospital and Roger C. Peace Rehabilitation Hospital.

8.     Upon information and belief, Defendant Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System ("Defendant SRHS") is a South Carolina corporation doing business in Spartanburg and Union Counties, South Carolina. Upon information and belief, Defendant SRHS owns and operates Union Medical Center, Pelham Medical Center, Spartanburg Medical Center and the Hospice Home.

9.     Upon information and belief, Defendant Mary Black Health System ("Defendant MBHS") is a South Carolina corporation doing business in Spartanburg County, South Carolina. Upon information and belief, Defendant MBHS owns and operates Mary Black Hospital in Spartanburg and Gaffney Counties, South Carolina.

10.     Upon information and belief, Defendant Palmetto Health ("Defendant PH") is a South Carolina corporation doing business in Richland County, South Carolina.  Upon information and belief, Defendant PH owns and operates Palmetto Health Baptist Hospital, Palmetto Health Baptist Parkridge Hospital, Palmetto Health Children's Hospital, Palmetto Heart Hospital and Palmetto Health Richland.

11.     Upon information and belief, Defendant Lexington Medical Center ("Defendant LMC") is a South Carolina corporation doing business in Lexington County, South Carolina.

12.     Upon information and belief, Defendant Tuomey Health Care System d/b/a Tuomey Regional Medical Center ("Defendant THCS") is a South Carolina corporation doing business in Sumter County, South Carolina.

13.     Upon information and belief, Defendant Carolinas Hospital System ("Defendant CHS") is a South Carolina corporation doing business in Florence and Marion Counties, South

Carolina. Upon information and belief, Defendant CHS owns and operates Carolinas Hospital System in Florence and Marion Counties, South Carolina.

14.    Upon information and belief, Defendant Bon Secours Health System, Inc. ("Defendant BSHS") is a South Carolina corporation doing business in Charleston County, South Carolina. Upon information and belief, Defendant BSHS owns and operates Roper Hospital, and Bon Secours St. Francis Hospital in Greenville County, South Carolina.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
**(SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1)**

15.    Plaintiff herein restates and re-alleges the prior allegations of this Complaint as if contained herein verbatim.

16.    One or more Defendants have entered into a continuing agreement, understanding, combination and/or conspiracy in restraint of trade, and more specifically, the temporary and traveling nurse staffing industry, resulting in harm both to competition generally and to Plaintiff specifically, in violation of Section 1 of the Sherman Act.

17.    The Defendants' agreement, understanding, combination and/or conspiracy to arrange, contract and regulate temporary labor and traveler nurse staffing for one or more Defendant hospitals and/or health facilities has excluded staffing competitors from the relevant market with their market power and is thus a *per se* antitrust violation.

18.    Additionally, one or more Defendants' arbitrary and capricious denial of Plaintiff, and others, as a member and thus approved staffing company for SCHA constitutes an unreasonable restraint on trade.

19.    One or more Defendants' unlawful combination and conspiracy has had a direct affect on interstate commerce.

4

20.     Further, one or more Defendants' unlawful combination and conspiracy has injured and continues to injure competition in the relevant South Carolina health care market and has proximately caused Plaintiff economic loss and damages for which Plaintiff seeks to recover.

**FOR A SECOND CAUSE OF ACTION**
**(SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2)**

21.     Plaintiff herein restates and re-alleges the prior allegations of this Complaint as if contained herein verbatim.

22.     One or more Defendants, collectively and/or individually, have market power in the relevant South Carolina health care market.

23.     One or more Defendants have and continue to monopolize through the willful acquisition, maintenance, and/or enhancement of monopoly power; have attempted to monopolize; and/or have combined and conspired to monopolize the relevant market, resulting in harm to both competition generally and to Plaintiff specifically, in violation of Section 2 of the Sherman Act.

24.     Defendants' unlawful monopolization, attempted monopolization, and/or combination and conspiracy to monopolize has injured and continues to injure competition in the relevant market resulting in the unlawful exclusion of Plaintiff and/or a reduced share of the market. One or more Defendants' conduct has proximately caused Plaintiff economic loss and damages through their arbitrary and capricious denial and/or removal of Plaintiff as a participating SCHA staffing company. Additionally, the SCHA has exercised exclusive control over the South Carolina health care staffing industry, for which Plaintiff seeks to recover.

**RELIEF SOUGHT UNDER SECTIONS 1 AND 2 OF THE SHERMAN ACT**

25.     Plaintiff herein restates and re-alleges the prior allegations of this Complaint as if

contained herein verbatim.

26.     The conduct of one or more Defendants as described above has caused Plaintiff substantial economic harm. One or more Defendants' illegal conduct has prevented Plaintiff from staffing hospitals and/or health care facilities in South Carolina and/or has grossly reduced Plaintiff's ability to staff hospitals and/or health care facilities in the South Carolina market.

27.     Plaintiff has a well-established record of income in South Carolina directly related to staffing temporary and traveling nurses. Because of one or more Defendants' unreasonable anticompetitive conduct and collusion with one another, Plaintiff has been prevented from staffing temporary and traveling nurses for hospitals and/or health care facilities in South Carolina or has done so at a reduced rate and has incurred actual damages as a result of one or more Defendants' conduct for which Plaintiff seeks to recover. Plaintiff's damages continue to accrue during the pendency of this lawsuit.

28.     Pursuant to 15 U.S.C. § 15(a), Plaintiff seeks to recover treble damages, attorney's fees and costs as well as prejudgment interest.

29.     Plaintiff also seeks permanent injunctive relief prohibiting one or more Defendants, and any and all persons in concert with them, from engaging in illegal and anticompetitive actions as alleged herein and to require the South Carolina Hospital Association to accept and use Plaintiff as an approved staffing company in the South Carolina market.

30.     Plaintiff may seek such other and further relief as this Court may deem just and proper.

### FOR A THIRD CAUSE OF ACTION
### (VIOLATION OF S.C. CODE OF LAWS § 39-3-10)

31.     Plaintiff herein restates and re-alleges the prior allegations of this Complaint as if

contained herein verbatim.

32.     One or more Defendants have entered into a continuing arrangement, contract, agreement, trust or a combination thereof with a view to lessen, or which tends to lessen, full and free competition in the temporary and traveling nurse staffing industry in South Carolina.

33.     One or more Defendants' arrangement(s), contract(s), agreement(s), trust(s) or a combination thereof is designed or tends to advance, reduce or control the profits and/or margins of Plaintiff, thereby lessening and/or reducing full and free competition in the temporary and traveling nurse staffing industry.

34.     As a result, one or more Defendants' actions are against public policy, unlawful, void and in violation of S.C. Code of Laws § 39-3-10.

35.     As a result, one or more Defendants are liable to Plaintiff for actual damages to be determined by the trier of fact.

## FOR A FOURTH CAUSE OF ACTION
### (SOUTH CAROLINA UNFAIR TRADE PRACTICES)

36.     Plaintiff herein restates and re-alleges the prior allegations of this Complaint as if contained herein verbatim.

37.     Upon information and belief, one or more Defendants have engaged in unfair or deceptive practices in the following particulars to wit:

A.     By one or more Defendants imposing unreasonable administrative fees on staffing companies, including Plaintiff;

B.     By preventing direct contact between Plaintiff and hospitals and/or health centers;

C.     By exchanging data, including wage rates and benefits between one or

more Defendants;

D. By vetting staffing companies for membership with SCHA using arbitrary and capricious review standards and/or preventing staffing companies from contacting nurses directly with hospitals and/or medical centers if membership is declined;

E. By controlling and reducing staffing company profits, margins and their ability to compete in the market by limiting and controlling competition in the industry;

F. By one or more Defendants' imposing unreasonable, one-sided contract terms and/or contracts of adhesion upon staffing companies, including Plaintiff;

G. By one or more Defendants' violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, which is *per se* evidence of a violation of the Unfair Trade Practices Act; and

H. By one or more Defendants' tortious interference with contractual and/or prospective contractual relations, which is *per se* evidence of a violation of the Unfair Trade Practices Act.

38. Plaintiff has suffered actual and ascertainable damages as a result of one or more Defendants' use of unlawful trade practices.

39. The unlawful trade practices of one or more Defendants has or will have an adverse impact on public interest and is capable of repetition.

40. Upon information and belief, one or more Defendants have acted willfully and knowingly in the violation of SC Code of Laws § 39-5-20.

41.     Further, one or more Defendants' acts, representations, omissions and practices are material, unfair, have potential to deceive and mislead consumers and are in fact deceptive and misleading, offensive to public policy, immoral, unethical and oppressive, unscrupulous, likely cause and in fact cause substantial injury to consumers which is not possibly avoidable by consumers and not outweighed by countervailing benefits to consumers.

42.     As a result, one or more Defendants are liable to Plaintiff for actual damages in an amount to be determined by the trier of fact, treble damages and the attorney's fees and costs associated with this action.

## FOR A FIFTH CAUSE OF ACTION
### (CIVIL CONSPIRACY)

43.     Plaintiff herein restates and re-alleges the prior allegations of this Complaint as if contained herein verbatim.

44.     Upon information and belief, one or more Defendants' have entered into a continuing agreement, understanding, combination and/or conspiracy to regulate and control nurse staffing in South Carolina.

45.     As a result of one or more Defendants' agreement, understanding, combination and/or conspiracy, Plaintiff has suffered injury, including but not limited to, special damages.

## FOR A SIXTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE CONTRACTUAL RELATIONS)

46.     Plaintiff herein restates and re-alleges the prior allegations of this Complaint as if contained herein verbatim.

47.     Prior to the SCHA negotiating and overseeing all temporary and traveling nurse contracts with staffing companies in South Carolina, Plaintiff was engaged in contractual

relations as well as prospective contractual relations with one or more Defendants and supplied temporary and traveling nurses to one or more Defendants.

48.     One or more Defendants were on notice of these past, present and/or prospective agreements when one or more Defendants unjustifiably and intentionally prevented Plaintiff from contracting, negotiating and communicating directly with the hospitals and/or health care facilities.

49.     Upon information and belief, one or more Defendants acted without regard to Plaintiff's past, present and/or prospective contractual relations with one or more Defendants and intentionally procured the breach of such relations with one or more Defendants.

50.     As a result, Plaintiff is informed and believes that it is entitled to judgment against one or more Defendants for actual and punitive damages in an amount to be determined, and for such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

51.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury for all issues so triable in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays as follows:

1.     To declare that one or more Defendants have engaged in unlawful conduct in violation of § 1 f the Sherman Act, 15 U.S.C. § 1;

2.     To declare that one or more Defendants have engaged in unlawful conduct in violation of § 2 f the Sherman Act, 15 U.S.C. § 2;

3.     For a determination that one or more Defendants' acted in violation of S.C. Code of Laws § 39-3-10;

4.      For a determination that one or more Defendants' acted in violation of the South Carolina Unfair Trade Practices Act;

5.      For a determination that one or more Defendants' are liable for Civil Conspiracy;

6.      For a determination that one or more Defendants' are liable for Tortious Interference with Contractual and/or Prospective Contractual Relations;

7.      For an award to Plaintiff of actual, treble and/or punitive damages, plus prejudgment interest thereon and the attorney fees and costs of this action;

8.      For a permanent injunction, prohibiting one or more Defendants from continuing its illegal and anticompetitive actions as alleged herein and requiring the South Carolina Hospital Association to accept and use Plaintiff as an approved staffing company in the South Carolina market;

9.      A trial by jury; and

10.      For such other and further relief as this Court may deem just and proper.


Respectfully submitted,

WENDELL L. HAWKINS, PA


By: s/ Aimee V. Leary
Wendell L. Hawkins, Esq. (Fed Id. 7771)
Aimee V. Leary, Esq. (Fed Id. 12069)
103-C Regency Commons Drive
Greer, South Carolina 29650
(864) 848-9370 (Ph) (864) 848-9759 (Fax)
wlh@wlhawkinslawfirm.com
avl@wlhawkinslawfirm.com
Attorneys for Plaintiff

Greenville, South Carolina
January 18, 2016