

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ADVANCE NURSING CORPORATION, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:16-00160-MGL |
| § | |
| SOUTH CAROLINA HOSPITAL § | |
| ASSOCIATION; SCHA SOLUTIONS, INC; § | |
| GREENVILLE HEALTH SYSTEM; § | |
| SPARTANBURG REGIONAL HEALTH § | |
| SERVICES DISTRICT, INC., d/b/a Spartanburg§ | |
| Regional Healthcare System; MARY BLACK § | |
| HEALTH SYSTEM; PALMETTO HEALTH; § | |
| LEXINGTON COUNTY HEALTH SERVICES § | |
| DISTRICT, INC., d/b/a Lexington Medical § | |
| Center; TUOMEY; CAROLINAS HOSPITAL § | |
| SYSTEM; ST. FRANCIS HOSPITAL, INC.; § | |
| SISTERS OF CHARITY PROVIDENCE § | |
| HOSPITALS; PROVIDENCE HOSPITAL, § | |
| LLC; and REGIONAL MEDICAL CENTER § | |
| OF ORANGEBURG AND CALHOUN § | |
| COUNTIES, § | |
| Defendants. § | |

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS

**I.     INTRODUCTION**

Plaintiff filed this case pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 16, for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. Plaintiff also alleges violations of the South Carolina Antitrust Act (SCAA), S.C. Code Ann. § 39-3-10, and the

South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-10.  It brings claims of civil conspiracy and tortious interference with contractual and prospective contractual relations as well.  The Court has jurisdiction over the matter under 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Defendants South Carolina Hospital Association (SCHA), SCHA Solutions, Inc. (collectively, the SCHA entities), Greenville Health System (Greenville), Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System (Spartanburg), Mary Black Health System, Palmetto Health, Lexington County Health Services District, Inc. d/b/a Lexington Medical Center (Lexington), Tuomey, Carolinas Hospital System, St. Francis Hospital, Inc., Sisters of Charity Providence Hospitals, Providence Hospital, LLC (Providence), and Regional Medical Center of Orangeburg and Calhoun Counties' (Regional Medical) (collectively, the hospital Defendants) motion to dismiss Plaintiff's claims by way of Federal Rule of Civil Procedure 12(b)(6).  ECF No. 65.  Also pending before the Court are Greenville, Lexington, Regional Medical, and Spartanburg's (collectively, the Government Hospitals) motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) on other bases, ECF No. 66, and Providence's motion to dismiss Plaintiff's claims pursuant to the same rule, also on a separate ground, ECF No. 67.  Having carefully considered the motions, the responses, the replies, the record, and the applicable law, it is the judgment of the Court that it will grant Defendants' motions to dismiss in part and deny them in part.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this case against Defendants on January 18, 2016, its Amended Complaint on March 21, 2016, and its Second Amended Complaint (SAC) on June 24, 2016. The Court largely draws the relevant facts for purposes of this Order from the SAC, ECF No. 63.

Plaintiff is a South Carolina corporation functioning as a nurse staffing company with its principal place of business located in Greenville County, South Carolina. SCHA is a private, not-for-profit organization doing business in South Carolina made up of member hospitals and health care systems, SCHA Solutions, Inc. is a for-profit subsidiary of SCHA, and the named hospital Defendants have committed to use the SCHA entities exclusively to staff traveling and/or temporary nurses at their facilities. Plaintiff alleges Defendants have conspired to control exclusively the traveling and temporary nurse staffing industry in South Carolina, an effort Defendants purportedly began in or around 2002 and continue to the present.

According to Plaintiff, sometime around 2002, the SCHA entities and certain of the hospital Defendants met to implement a nurse registry program in South Carolina, whereby the SCHA entities would manage an online registry portal for potential staffing companies to fill available traveling nurse positions for the hospital Defendants, all members of SCHA. SCHA created this program for the direct benefit of the member hospital Defendants, and the SCHA entities still maintain this program. Ostensibly, SCHA Solutions, Inc. is financially incentivized to continue the program because it receives administrative fees for every dollar brought into the registry.

Through this registry program, staffing companies bid on the available nurse positions, and, if successful, fill those positions at the Defendant hospitals. Upon implementation of the program, the SCHA entities informed staffing companies they could no longer contact or contract with the

member hospital Defendants directly. Rather, all negotiations and communications had to go through the SCHA entities.

Plaintiff claims the SCHA entities have utilized the registry program to standardize the terms and conditions, policies, procedures, and contracts for nurse staffing as well as provide financial incentives for hospitals. This, Plaintiff complains, has reduced temporary and traveling nurse staffing wages and benefits in South Carolina, as well as staffing companies' bottom lines. Moreover, should the SCHA entities fail to approve a staffing company under their self-policed application process, the staffing company is unable to staff nurses with the hospital Defendants. In fact, Plaintiff states the SCHA entities effectively coerced it to join the program when one of their representatives told Plaintiff that failure to join would result in the hospital Defendants no longer doing business with Plaintiff.

Plaintiff propounds Defendants have acquired control over the temporary and traveling nurse staffing market in South Carolina by using the registry program to their benefit by way of reduced nurse benefits, standardized contract terms between staffing vendors and hospitals, administrative fees to the SCHA entities, application fees to the registry program, and a reduced number of staffing firms able to compete for temporary and traveling staffing positions in South Carolina. These effects keep Defendants financially incentivized to continue to participate in the registry program.

Plaintiff also avers Defendants expanded the registry program in 2015 to include temporary or per diem nurse positions. Furthermore, certain hospital Defendants have created a radius rule for temporary and traveling nurses whereby the hospital Defendant will decline to staff a nurse if he or she lives within a particular radius of the facility, further suppressing nurse wages. Plaintiff

additionally contends Defendants continue to meet and collectively review the registry program's policies, procedures, and contract terms on an annual basis.

Moreover, the SCHA entities draft and issue the contracts staffing companies must sign to staff with the hospital Defendants. The staffing companies are prohibited from negotiating the terms of the contracts and must either accept the terms or risk being excluded from the program. The contracts also provide that regardless of receipt of payment from the member hospitals, staffing companies must nevertheless pay administration fees to SCHA.

On July 25, 2016, Defendants filed their motions to dismiss Plaintiff's claims. Plaintiff filed responses in opposition on August 11, 2016, and Defendants filed replies on August 22, 2016. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motions.

### III. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim, the Court will take a plaintiff's well-pled allegations as true, and liberally construe the complaint and all reasonable inferences in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent that "they plausibly give rise to an entitlement to relief."

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV.     DEFENDANTS' MOTION TO DISMISS

The Court first turns to Defendants' motion to dismiss, in which all Defendants joined.  ECF No. 65.

### A.     Contentions of the Parties

Defendants initially contend Plaintiff neglects to state specific allegations against any Defendant, and consequently fails to give each Defendant fair notice of the claims against it.  Next, Defendants propound Plaintiff's claim for violation of Section 1 of the Sherman Act fails because (1) Plaintiff neglects to allege a per se violation of Section 1 in that Plaintiff has made no allegation of price-fixing, and (2) Plaintiff fails to allege a plausible rule-of-reason violation of Section 1.  In furtherance of their rule-of-reason argument, Defendants asseverate Plaintiff neglects to allege a relevant market.  According to Defendants, Plaintiff's allegation that the relevant product and geographic market is South Carolina's temporary and travel nurse staffing industry is a bare assertion devoid of supporting facts.  Defendants also aver Plaintiff fails to allege market power sufficient to warrant a conclusion of plausible competitive harm.  Additionally, Defendants declare Plaintiff neglects to allege injury to competition, instead merely alleging injury to a particular competitor, and furthermore, Plaintiff lacks standing to sue.

Defendants then maintain Plaintiff's claim for violation of Section 2 of the Sherman Act should be dismissed because Plaintiff fails to make a plausible allegation of monopolization or

attempted monopolization. In support of this argument, Defendants again proclaim Plaintiff lacks standing because it is unable to allege antitrust injury, and has neglected to sufficiently define the relevant market—comprised of the relevant product market and the relevant geographic market. Defendants also insist Plaintiff's complaint concerning Defendants' market power is nothing more than a conclusory statement.

Next, Defendants stress Plaintiff's state law claims should be dismissed as well. Defendants avow Plaintiff's claim for violation the SCAA fails because that statute applies only to intrastate commerce, whereas Plaintiff alleges conduct occurring only in interstate commerce. Defendants likewise state Plaintiff's claim for violation of the SCUTPA fails because (1) Plaintiff's allegations of Defendants' unfair trade practices must be stated with greater specificity, and (2) Plaintiff's omission of any allegation that Defendants' practices occurred in the conduct of trade or commerce is fatal to its SCUTPA claim. Defendants further charge Plaintiff neglects to provide any additional facts in support of its civil conspiracy claim and fails to allege special damages adequately. Moreover, Defendants advance Plaintiff's claim for tortious interference with contractual and prospective contractual relations should be dismissed because Plaintiff's complaint lacks any allegation of specific facts regarding such interference, and points out that a party to a contract is unable to interfere with its contract under South Carolina law.

Finally, Defendants assert Plaintiff's claims are all barred by the statute of limitations, which is four years for Plaintiff's Sherman Act claims and three years for Plaintiff's state law claims. Defendants avouch that Plaintiff, in a separate 2014 proceeding, admitted to executing the 2010 Program Contract at issue here on October 21, 2010. Under South Carolina's discovery rule,

Defendants posit Plaintiff's claims accrued upon execution of the Program Contract, and, thus, Plaintiff's claims are barred by the statute of limitations.

Plaintiff responds in opposition by initially arguing it has adequately described the registry program at this stage of the proceedings, particularly given the lack of information available to it without discovery. Plaintiff also contends it has properly stated its claim for violation of Section 1 of the Sherman Act and has alleged a per se violation of Section 1 because Defendants are indirectly price fixing. Additionally, Plaintiff avers it has properly pled a rule-of-reason violation because Defendants have improperly exercised their market power through one-sided contract terms and a group boycott. Plaintiff claims it has adequately defined the relevant product market and the relevant geographic market given the facts alleged, and Plaintiff also propounds it has sufficiently described Defendants' market power through their specific exercising and maintaining control over the relevant market. Regarding injury to competition, Plaintiff notes it has pled the effects of the registry program not only as to Plaintiff but also as to all staffing companies and per diem and travel nurses within the relevant market. Thus, according to Plaintiff, it has standing.

With respect to Plaintiff's state law claims, Plaintiff first concedes its claim for violation of the SCAA should be dismissed. Plaintiff then asserts it has properly pled a violation of the SCUTPA through the specific unfair or deceptive acts it alleges Defendants have committed, and it states these acts continue to this day. Plaintiff also urges it has pled special damages in its claim for civil conspiracy, which it should have the opportunity to state with more specificity at a later time. Finally, Plaintiff avouches that its tortious interference with contractual and prospective contractual relations claim should proceed because the SCHA entities introduced per diem nurses into the registry program, which interfered with Plaintiff's existing and prospective contracts.

Lastly, Plaintiff insists it has timely filed its claims because it alleges Defendants continue to commit the same violations as those set forth in the SAC. Plaintiff argues Defendants' continued violations provide an exception to the statute of limitations.

### B.    Discussion and Analysis

Applying the above standards to the instant matter, the Court first observes Plaintiff concedes its claim for violation of the SCAA should be dismissed. Therefore, the Court will grant Defendants' motion to dismiss Plaintiff's claim for violation of the SCAA.

Regarding Plaintiff's remaining claims, the Court concludes Plaintiff has sufficiently pled its claims against Defendants to survive this 12(b)(6) motion, Defendants' vociferous arguments notwithstanding. Given the Court's preference to decide cases on their merits, the Court is unprepared, at this very early stage of the litigation, without any discovery having taken place, to grant Defendants' motion. Therefore, the Court will deny the remainder of Defendants' motion to dismiss.

## V.    THE GOVERNMENT HOSPITALS' MOTION TO DISMISS

Next, the Court addresses the Government Hospitals' motion to dismiss. ECF No. 66. The Government Hospitals join the other Defendants' motion to dismiss, but also offer additional arguments for why Plaintiff's claims against them should be dismissed.

### A.    Contentions of the Parties

The Government Hospitals first advance they are entities created and existing under South Carolina law as regional health services districts or other types of local political subdivisions. As local government entities, they claim they are entitled to absolute immunity from antitrust damages

under the Local Government Antitrust Act of 1984 (LGAA), 15 U.S.C. § 34. The Government Hospitals additionally assert the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. § 15-78-120(b), precludes Plaintiff from recovering punitive damages, exemplary damages, pre-judgment interest, and attorney's fees and costs against them. Furthermore, the Government Hospitals insist Plaintiff's state law claims all constitute torts, and they likewise proclaim Plaintiff's state law claims against them are subject to and are barred by the two-year statute of limitations contained in the SCTCA.

In Plaintiff's response, Plaintiff refrains from contesting the Government Hospitals' identification as local government entities who are entitled to absolute immunity from antitrust damages under the LGAA. Plaintiff notes, however, that it has sought injunctive relief against the Government Hospitals in its Sherman Act causes of action and contends such requested relief is proper. Although Plaintiff acknowledges its causes of action for civil conspiracy and tortious interference with existing and prospective contractual relations constitute torts, Plaintiff maintains Defendants are unentitled to reduced liability under the SCUTPA because that claim fails to constitute a tort. Plaintiff further avers its state law claims are unbarred by the two-year statute of limitations.

**B.     Discussion and Analysis**

Inasmuch as Plaintiff declines to contest the Government Hospitals' identification as local government entities who are entitled to absolute immunity from antitrust damages under the LGAA, the Court holds the Government Hospitals qualify as local government entities entitled to absolute immunity from antitrust damages. Therefore, the Court will dismiss any aspect of Plaintiff's federal antitrust claims that seek damages, interest on damages, costs, or attorney's fees against the

Government Hospitals. However, as correctly noted by Plaintiff and the Government Hospitals, Plaintiff has sought injunctive relief against the Government Hospitals in its federal antitrust causes of action, and such requested relief is proper. Thus, the injunctive relief aspects of Plaintiff's federal antitrust claims remain pending against the Government Hospitals.

Plaintiff disagrees with the Government Hospitals' characterization of Plaintiff's SCUTPA claim as a tort. In Plaintiff's view, torts are creatures of common law, whereas the SCUTPA arises under statute and therefore fails to constitute a tort. Plaintiff is mistaken, however, as the Court notes the South Carolina Supreme Court has treated claims for violation of the SCUTPA as torts. *See Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 815 (S.C. 2013) (treating a claim for violation of the SCUTPA as a tort and, as such, subject to the SCTCA). The Court thus holds Plaintiff's claim for violation of the SCUTPA sounds in tort.

Given that Plaintiff acknowledges its causes of action for civil conspiracy and tortious interference with existing and prospective contractual relations constitute torts, and inasmuch as the Court determines Plaintiff's SCUTPA claim constitutes a tort, the Court holds the SCTCA precludes Plaintiff from recovering punitive damages, exemplary damages, pre-judgment interest, and attorney's fees and costs against the Government Hospitals through these causes of action. The Court will thus grant the Government Hospitals' motion to dismiss these aspects of Plaintiff's state law claims against them. Furthermore, Plaintiff's state law claims against the Government Hospitals are subject to the two-year statute of limitations contained in the SCTCA.

Regarding the Government Hospitals' remaining arguments, the Court is firmly of the view that the remaining matters raised in the Government Hospitals' motion are properly reserved for any

motion or motions for summary judgment the parties may decide to file at the close of discovery. Therefore, the Court will deny the remainder of the Government Hospitals' motion to dismiss.

## VI.  PROVIDENCE'S MOTION TO DISMISS

Finally, the Court examines Providence's motion to dismiss. ECF No. 67. As before, Providence fully joins Defendants' motion to dismiss, but proffers additional arguments for dismissal of the claims against it.

### A.  Contentions of the Parties

In Providence's motion to dismiss, it asseverates it did not exist until November 13, 2015, and thus was unable to commit any acts Plaintiff alleges it committed prior to that date. Providence suggests the majority of Plaintiff's allegations arose prior to 2015, and Plaintiff fails to specify which Defendants committed the acts. Moreover, Providence explains it had no operations in South Carolina prior to January 31, 2016, at which time it acquired certain assets of Providence Hospital in Columbia, South Carolina.

Plaintiff answers by asserting Providence is a proper Defendant in this action because Providence acquired assets of Providence Hospital in 2016, and Plaintiff has alleged continuing antitrust violations due to Providence's participation in the registry program and continued interference with Plaintiff's contractual relations. Additionally, Plaintiff avers it requires additional information to determine the nature of Providence's asset acquisition of Providence Hospital.

### B.  Discussion and Analysis

At this juncture, the Court is of the opinion Plaintiff has raised plausible claims against Providence, and Providence's motion to dismiss is premature. The Court need spill no further ink

on this matter. Suffice it to say the Court will deny Providence's motion to dismiss so the parties can move forward with discovery on these issues.

## VII.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, the Government Hospitals' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and Providence's motion to dismiss is **DENIED**.

Discovery shall commence upon entry of this Order. Further, in accordance with the scheduling order entered by this Court on July 5, 2016, ECF No. 64, the parties shall submit a proposed consent amended scheduling order no later than ten days after entry of this Order.

**IT IS SO ORDERED**.

Signed this 24th day of October, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE