IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Advance Nursing Corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>South Carolina Hospital Association, SCHA Solutions, Inc., Greenville Health System, Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System, Mary Black Health System, Palmetto Health, Lexington County Health Services District, Inc. d/b/a Lexington Medical Center, Tuomey, Carolinas Hospital System, St. Francis Hospital, Inc., Sisters of Charity Providence Hospitals, Providence Hospital, LLC, and Regional Medical Center of Orangeburg and Calhoun Counties,<br><br>　　　　Defendants. | Case No. 6:16-cv-00160-MGL<br><br>**Confidentiality Order** |

　　　　Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 13th day of December, 2016, ORDERED:

　　　　1.　　**Scope.** All materials produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "materials") shall be subject to this Order concerning confidential information as set forth below.

　　　　2.　　**Form and Timing of Designation.** Confidential materials shall be so designated, in the case of documents, by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner which will not

1

interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. In the case of materials for which affixation is impracticable (for example, in the case of a database or spreadsheet produced electronically), the designation may be made in writing. Materials shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to, or contemporaneously with, production or disclosure. Inadvertent or unintentional production of materials without prior designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be deemed a waiver, in whole or in part, of the right to designate such materials as CON-FIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as otherwise allowed by this Order.

3.     **Materials Which May Be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.** Any party may designate materials as CONFIDENTIAL but only after review of the materials by an attorney[1] who, in good faith, determines that the materials contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. Any party may designate materials as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY but only after review of the materials by an attorney[2] who, in good

---

[1] The attorney who reviews the materials and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

[2] The attorney who reviews the materials and certifies them to be HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

faith, determines that the materials contain confidential information of such a sensitive nature that it requires protection greater than what is provided in this order for materials designated CONFIDENTIAL. The certification shall be made concurrently with the disclosure of the material, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

    4.    **Non-Waiver**. In accordance with Rule 502(d), Federal Rules of Evidence, and in order to further facilitate timely disclosure of large numbers of materials which may contain information subject to a privilege or other legal protection, the following "non-waiver" provisions shall apply.

    a.    If, in connection with the pending litigation, a party or a non-party subpoena recipient (the "disclosing party") discloses information subject to a claim of attorney-client privilege or attorney work product protection ("disclosed protected information"), the disclosure of the disclosed protected information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the disclosing party would otherwise be entitled to assert with respect to the disclosed protected information and its subject matter.

    b.    Counsel for a party receiving disclosed protected information (the "receiving party") will comply with Rule 4.4(b) (including Comment 2) of the South Carolina Rules of Professional Conduct by promptly notifying the disclosing party of the production of any materials that appear to be privileged or protected

       by work product or other legal doctrine, thus allowing the disclosing party to take any corrective steps that are reasonably necessary under the circumstances.

c.   A disclosing party may assert in writing attorney-client privilege or work product protection with respect to disclosed protected information. The receiving party shall, within five business days of receipt of that writing, return or destroy all copies, electronic or otherwise, of the disclosed protected information and shall certify that all such disclosed protected information has been returned or destroyed.

d.   Within five business days of the notification that such disclosed protected information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the disclosed protected information.

e.   The receiving party may move the Court for an order compelling production of the disclosed protected information. Such motion shall be filed under seal and shall not assert the fact or circumstances of the prior disclosure as a ground for compelling production. The disclosing party retains the burden of establishing the privileged or protected nature of any disclosed protected information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

f.   If, at trial, at a hearing, at a deposition, or on a motion, a disclosing party marks for identification or offers into evidence disclosed protected information — or proffers or elicits testimony or other evidence that incorporates or relies on disclosed protected information, including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver and forfeiture by the disclosing

party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a). The preceding sentence shall not apply, however, to (i) proceedings to determine whether disclosed protected information is privileged or protected or subject to discovery or disclosure, or (ii) disclosed protected information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

5. **Depositions.** Portions of depositions shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. During the first seven business days following receipt of a transcript, the entire transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

6. **Protection of CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials.**

   a. **General Protections.** Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 7.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the materials were disclosed (including any appeal of that litigation).

b.  **Limitations on Disclosure of CONFIDENTIAL Materials.** The parties and counsel for the parties shall not disclose or permit the disclosure of any materials designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review materials which have been designated CONFIDENTIAL pursuant to this Order:

(1) Outside counsel and employees of outside counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) Parties and employees of a party to this Order, including in-house counsel, but only to the extent outside counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[3]

(3) Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5) Other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.  **Limitations on Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials.** Except with the prior consent of counsel for a party or upon order of the Court, the parties and counsel for the parties shall not disclose

---

[3] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

or permit the disclosure of materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except as set forth in Paragraph 6(b)(1), (3), (4), and (5) above, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it.

d. **Control of CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to such materials along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

e. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, or any portion of such materials, shall be immediately affixed with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the designation does not already appear on the copy. If affixation is impracticable (for example, in the case of a database or spreadsheet produced electronically), the designation may be made in writing. All such copies shall be afforded the full protection of this Order.

7. **Filing of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials.** In the event a party seeks to file any materials subject to protection under this Order with the Court, that party shall take appropriate action to insure that the materials receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the designating party; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the materials solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the materials under seal pursuant to Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the CONFIDENTIAL or HIGHLY CON-FIDENTIAL – ATTORNEYS' EYES ONLY materials to the Court shall first consult with counsel for the designating party to determine if some measure less restrictive than filing the materials under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any materials be filed under seal. The parties understand that materials may be filed under seal only with the permission of the Court after proper motion pursuant to Local Civil Rule 5.03, DSC.

8. **Greater Protection of Specific Materials.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges to Designation.** Any CONFIDENTIAL or HIGHLY CON-FIDENTIAL – ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

a.  The burden of proving the necessity of a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation remains with the party asserting confidentiality.

b.  A party who contends that materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are not entitled to confidential treatment shall give written notice to the party who made the designation of the specific basis for the challenge. The party who so designated the materials shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation.

c.  Notwithstanding any challenge to a designation, all materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

    (1)  The designating party withdraws such designation in writing;

    (2)  The designating party fails to move timely for an Order designating the documents as confidential as set forth in paragraph 10.b. above; or

    (3)  The Court rules that the materials should no longer be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

d.  Challenges to confidentiality designations may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Treatment on Conclusion of Litigation.**

    a.    **Order Remains in Effect.** All provisions of this Order restricting the disclosure or use of materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b.    **Return or Destruction of CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Materials.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all materials treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, including copies as defined above (¶7.e.) shall be returned to the producing party unless: (1) the materials have been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to materials containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy materials, counsel may retain attorney work product including an index which refers or relates to materials designated CONFIDENTIAL or HIGHLY CON-FIDENTIAL – ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of such materials. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential materials.

11.    **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to

intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

12. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a specific ruling shall have been made.

13. **[If by consent] Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**[if not by consent] Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

IT IS SO ORDERED.

       s/Mary Geiger Lewis
       UNITED STATES DISTRICT JUDGE

December 13, 2016
Columbia, South Carolina

# ATTACHMENT A
# CERTIFICATION BY COUNSEL OF DESIGNATION
# OF INFORMATION AS CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Advance Nursing Corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>South Carolina Hospital Association, SCHA Solutions, Inc., Greenville Health System, Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System, Mary Black Health System, Palmetto Health, Lexington County Health Services District, Inc. d/b/a Lexington Medical Center, Tuomey, Carolinas Hospital System, St. Francis Hospital, Inc., Sisters of Charity Providence Hospitals, Providence Hospital, LLC, and Regional Medical Center of Orangeburg and Calhoun Counties,<br><br>　　　　　Defendants. | Case No. 6:16-cv-00160-MGL<br><br>**Certification by Counsel of Designation of Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

　　　　The materials produced herewith **[whose bates numbers are listed below or which are listed on the attached index]** have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Confidentiality Order entered in this action dated [confidentiality order date].

　　　　By signing below, I am certifying that I have personally reviewed these materials and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

　　　　Check and complete one of the two options below.

- ❏　　I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

- ❏　　I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this

certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: [date attachment A signed]                    [Signature of Counsel [s/name]]
                                                    Signature of Counsel

                                                    [Printed Name of Counsel [A]]
                                                    Printed Name of Counsel

13

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Advance Nursing Corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>South Carolina Hospital Association, SCHA Solutions, Inc., Greenville Health System, Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System, Mary Black Health System, Palmetto Health, Lexington County Health Services District, Inc. d/b/a Lexington Medical Center, Tuomey, Carolinas Hospital System, St. Francis Hospital, Inc., Sisters of Charity Providence Hospitals, Providence Hospital, LLC, and Regional Medical Center of Orangeburg and Calhoun Counties,<br><br>        Defendants. | Case No. 6:16-cv-00160-MGL<br><br>**Acknowledgement of Understanding<br>and<br>Agreement to be Bound** |

      The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof (including without limitation the restrictions on the disclosure or use of materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY), and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order.

14

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

        Name:               [undersigned name [att B]]

        Job Title:            [Job Title [att B]]

        Employer:          [Employer [att B]]

        Business Address:   [Business Address [att B]]

Date: **[date attachment B signed]**        [Signature [attachment B]]
                                                                          Signature

## ATTACHMENT C

### CERTIFICATION OF COUNSEL OF NEED
### FOR ASSISTANCE OF PARTY/EMPLOYEE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Advance Nursing Corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>South Carolina Hospital Association, SCHA Solutions, Inc., Greenville Health System, Spartanburg Regional Health Services District, Inc. d/b/a Spartanburg Regional Healthcare System, Mary Black Health System, Palmetto Health, Lexington County Health Services District, Inc. d/b/a Lexington Medical Center, Tuomey, Carolinas Hospital System, St. Francis Hospital, Inc., Sisters of Charity Providence Hospitals, Providence Hospital, LLC, and Regional Medical Center of Orangeburg and Calhoun Counties,<br><br>        Defendants. | Case No. 6:16-cv-00160-MGL<br><br>**Certification of Counsel<br>of Need for Assistance of<br>Party/Employee** |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of [name of assistant] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to disclosing any materials designated CONFIDENTIAL or HIGHLY

16

CONFIDENTIAL – ATTORNEYS' EYES ONLY to the named individual, and I will disclose only such materials as are reasonably necessary to the conduct of the litigation.

The individual named above is:

- ❑ A named party;
- ❑ An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date: **[date attachment C signed]**                              [Signature ]
                                                                                  Signature

17